FILED

JAN 3 0 2026

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

**Attachment A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

_Julio Cesar Cardenas #22586-379_ )
_USP Hazelton_ )
_P.O. Box 2000_ )
_Bruceton Mills, WV 26525_ , )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
)
)
Petitioner, )
vs. )
)
_Hoover, Warden_ : _____ , )
(Name of Warden or other authorized person )
where you are incarcerated) )
)
)
Respondent. )
_United States of America_ )

**Petition for Habeas Corpus
Pursuant to 28 U.S.C. § 2241**

Civil Action No. _3:26-CV-13_
(to be assigned by Clerk)

**Important notes to read before completing this form:**

★    Please read the entire petition **before** filling it out. Answer **only** those questions
which pertain to your claim(s).

---

1.    This petition concerns (check the appropriate box):

☐    a conviction
☐    a sentence
☐    jail or prison conditions
☑    prison disciplinary proceedings
☐    a parole problem
☐    other, state briefly: _____

**Attachment A**

_____
_____
_____

2.    Are you represented by counsel?    ☐ Yes    ☑ No

If you answered yes, list your counsel's name and address:  _____

_____
_____

3.    List the name and location of the court which imposed your sentence:

United States District Court
Southern District of Texas
Brownsville Division

4.    List the case number, if known: 1:12-CR-512-1

5.    List the nature of the offense for which the sentence was imposed:

_____
_____
_____

6.    List the date each sentence was imposed and the terms of the sentence:

_____
_____
_____

7.    What was your plea to each count? (Check one)

☐    Guilty
☐    Not Guilty
☐    Nolo Contendere

**Attachment A**

8.     If you were found guilty after a plea of not guilty, how was that finding made?

    ☐     A jury
    ☐     A Judge without a jury
    ☐     A Magistrate Judge without a jury

9.     Did you appeal from the judgment of conviction or imposition of the sentence?

    ☐     Yes         ☐     No

10.     If you did appeal, give the following information for each appeal:

    A.     Name of Court: _____
    B.     Result: _____
    C.     Date of Result: _____
    D.     Grounds raised (List each one): _____
                _____
                _____
                _____
                _____
                _____

    Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  This is called a post-conviction pleading.

    ☐     Yes         ☐     No

If your answer was yes, complete the following sections:

    A.     First post-conviction proceeding:
            1.     Name of Court: _____

**Attachment A**

    2.     Nature of Proceeding: _____

    3.     Grounds Raised: _____

    4.     Did you receive an evidentiary hearing ?   ☐ Yes    ☐ No

    5.     Result: _____

    6.     Date of Result: _____

B.     Second post-conviction proceeding:

    1.     Name of Court: _____

    2.     Nature of Proceeding: _____

    3.     Grounds Raised: _____

    4.     Did you receive an evidentiary hearing ? ☐ Yes    ☐ No

    5.     Result: _____

    6.     Date of Result: _____

C.     Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?

    1.     First proceeding:    ☐ Yes  ☐ No   Result: _____

    2.     Second proceeding: ☐ Yes  ☐ No   Result: _____

D.     If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: _____

                  _____

                  _____

12.    For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

A.     U.S. Parole Commission unlawfully revoked my parole.

B.     Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C.  Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.

✓ D.  Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.

E.  There is an unlawful detainer lodged against me.

F.  I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.

G.  The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A.  Ground one:

Reporting staff, Andrew Bartlett, made a materially false, ficti-tious claim or representation in an incident report in direct violation of Federal law and BOP regulations. Mr. Bartlett also provided misleading information in the course of an investigation. BOP staff are under legal obligation to report truthful and accurate facts in a incident report.

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).

Mr. Bartlett did knowingly-willfully lied claiming that Cardenas threaten to "kill Inmate Elizondo," Cardenas did not make this threat, a code 203 violation. when Mr. Bartlett presented the incident to Lt. Johnson, Mr. Johnson did not concur that Cardenas' statement/question was a threat, which prompted Mr. Bartlett to change his allegation. See original petition.

B.  Ground two:

**Attachment A**

Cardenas was not found guilty of a Code 203 violation. During the DHO hearing, the DHO downgraded the Code 203 violation to a Code 299.

Supporting facts:

Cardenas argues and accuses FCI Three Rivers officials of deliberate indifferences, manipulating the disciplinary process, and retaliation to get him transfer from a medium to high security prison by intentionally increasing the DHO's finding of guilty. See original petition.

C.    Ground three:

The Due Process Clause and BOP code of federal regulations demand that prisoner's be given "true notice" of the charge violation in an incident report.

Supporting facts:

Cardenas was not given true notice to a Code 299 charge ("indirect threat"). Mr. Bartlett had almost three months to either amend or resubmitted the incident report as a Code 299 (most like) Code 203 violation. The incident report was not corrected because a code 299 violation would of not gotten Cardenas transfer. See original petition.

D.    Ground four:

The Due Process Clause forbids BOP staff to retaliate for inmates using the grievance process, and exercing their First Amendment rights for redress.

**Attachment A**

Supporting facts:

Because Cardenas was Filing and assisting others File grievances, Mr. Bartlett and his unit Team staff attempted to get Cardenas seriously hurt or kill (Twice) and when their actions Fail, Mr. Bartlett got his unit Team to charge Cardenas with a code 306 and 307 violation, when Cardenas attempted to resolve the issue with Mr. Bartlett, he lied that Cardenas made a threat to kill. See original petition.

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:

No claims have been presented before.

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

☑ Yes     ☐ No

1. If your answer to "A" above was yes, what was the result:

Denied as untimely, reFile, The BoP Administrative Remedy Coordinator is delaying and manipulating the grievance process.

Continuation Page of Grounds
Incident Report #4130409.

Ground Five:

A Code 299 must charge the offending conduct as "Most Like" a Code 203, and Code 299 cannot deviate and does not prohibit threats generally.

Supporting Facts:

By combining both Code 299 and Code 203, the incident report and DHO Report must alleged the threat was made to another person... The word [another] mandates that a threat be directed to specific person, not the disruption or interference of the Institution. see original petition.

Ground Six:

Beyond the procedural requirements, inmates are entitled to have a charge against them determined by "impartial decision makers"

Supporting Facts:

This record reflects that Cardenas did not receive impartial review of his incident report as two UDC members were witnesses, investigators, and significant involved in the facts given rise to the charge and investigation. see original petition.

12.1

Continuation Page of Grounds
Incident Report #4130409

Ground Seven:
Code of Federal regulations dictate the manner in
which disciplinary action may be taken.

Supporting Facts:
Cardenas contend that his rights were violated when
Mr. Bartlett "shopped" For an investigator (lieu-
tenant) that agreed with him after the "appro-
priate lieutenant did not agree with the allega-
tion that Cardenas committed a Code 203 violation.
See original petition.

Ground Eight:
The DHO did not take into consideration writ-
ten statement of Defends and other documentiay
evidence.

Supporting Facts:
The DHO did not-refuse to Consider Cardenas'
written statement of Defense To DHO Hearing
and other documentary evidence. The documents
clear show that the written incident reports
were File in bad Faith and retaliatory pur-
poses. See original petition

12.2

Continuation Page of Grounds
Incident Report #4130409

Ground Nine:
DHO Garrett had downgraded the Code 203
Charge to a Code 306 violation.

Supporting Facts:
On July 30, 2025, DHO Garrett and officer
Martin conducted a DHO hearing where the
Code 203 charge was downgraded to a Code
306 violation. However, DHO Potts raise the
violation back to a Code 299 (most like)
203 charge. See original petition.

Ground Ten:
Code of Federal regulation directs reporting
staff to include all relevant facts in a
incident report

Supporting Facts:
Mr. Bartlett did not comply with this directive
and procedural requirement by omitting
relevant facts to hinder Cardenas' preparation
of his defense. See original petition.

12-3

Continuation Page of Grounds
Incident Report # 4130409

Ground Eleven:
without any legitimate reason, the DHO post-
pone the DHO hearing

Supporting Facts:
The DHO violated Cardenas' rights when he
deliberated postpone the DHO hearing causing
Cardenas hardship. See original petition.

Ground Twelve:
The BoP does not have the authority to
define "threat..."

Supporting Facts:
The BoP does not have the authority to
make it's own vague and ambiguous de-
finition of a "threat," Because a Code
299 (mostlike) is intervined with a Code
203, both regulations are being Challenge.
The BoP interprets threat beyond a true
threat.

12.4

Continuation Page of Grounds
Incident Report #4128542

Ground one:
Both Incident Reports are "interwined" and
both were File in violation of Due Process and
For retaliation.

Supporting Facts:
Cardenas was literally ponished because he
reFuse to place his safety and life in danger
and when he complain, he was then targetted
with retaliation by Mr. Bartlett, Mr. Springer
and Mr. Gass. See original petition

Ground Two:
Federal inmates have a Constitutional and
Statutory right to be protected and Kept safe
by the BOP

Supporting Facts:
Cardenas had clearly explain to Case Manager
Springer and Counselor Gass that he could [not]
be paired-up with Inmate Elizondo because
they did not get alone, have a major conflict
and had had altercation. see original petition.

12.5

Continuation Page Of Grounds
Incident Report #4128542

Ground Three:

The incident report has conflicting theories
of the Facts.

Supporting Facts

The report clearly shows that Cardenas was
not refusing a direct order or refusing to
program. The report claims that Cardenas would
of move From his cell iF his saFety and life
was not place in danger. see original petition.

Ground Four:

Inmates are entitled to have a charge against
them determined by impartial decision makers.

Supporting Facts:

The FactFinder, Mr. springer, was a witness,
investigator and "significally" involved in the
Facts giving rise to the charge in direct
violation oF Code oF Federal regulations. see
original petition

**Attachment A**

    2.    If your answer to "A" above was no, explain:

_____
_____
_____

B.    If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

    ☑    Yes    ☐    No

    1.    If your answer to "B" above was yes, what was the result:
No response from Central Office or the Warden

    2.    If your answer to "B" above was no, explain:

_____
_____
_____

15.    Relief: State here, as briefly as possible, exactly what you want the court to do for you:

    1.    Make **no** legal arguments.
    2.    Cite **no** cases or statutes.
The relief sought is that both incident reports be overturn and that the incident reports be expunge from Cardenas' prison record.

_____
_____
_____
_____
_____

**Attachment A**

16.    If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

_____

_____

_____

_____

_____

_____

Signed this ___24th___ day of ___January___, ___2026___.
             (day)                  (month)          (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: ___1/24/2026___

_____
Your Signature